**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| JONATHAN BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 125-149 |
| | * | |
| GEORGIA DEPARTMENT OF PUBLIC | * | |
| SAFETY and CHRISTOPH AYERS, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**O R D E R**

Presently pending before the Court is Defendant Georgia Department of Public Safety's ("GDPS") motion to dismiss. (Doc. 19.) For the following reasons, GDPS's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff originally filed this action in the State Court of Richmond County, Georgia on May 7, 2025. (Doc. 1-1, at 1.) Plaintiff alleges that on May 7, 2023, at approximately 1:50 AM, he was stopped at a red light by Defendant Ayers because his front tires extended into a pedestrian crosswalk. (Id. at 3-4.) Plaintiff was visibly emotional due to the recent death of his mother and exhibited no signs of impairment, yet Defendant Ayers "accused Plaintiff of driving under the influence" because he refused to perform field sobriety tests. (Id. at 4.) Plaintiff

was arrested and placed in handcuffs that were "too tight and in a misaligned position," which resulted in "significant pain and lasting injury." (Id.) Plaintiff states he informed Defendant Ayers of the discomfort, but no adjustments were made. (Id.) As a result, Plaintiff alleges he sustained nerve injury to his wrist and has "undergone extensive treatment" for the damage. (Id. at 5.) No alcohol was found in Plaintiff's vehicle, and the charges against him were "dismissed and nolle pros[s]ed on September 9, 2024." (Id.)

Plaintiff brings four counts under 42 U.S.C. § 1983: three counts against Defendant Ayers in his individual capacity, and one count for declaratory and injunctive relief against GDPS in its official capacity. (Id. at 6-9.) As to GDPS, Plaintiff alleges it "is responsible for ensuring its officers follow constitutional guidelines and written policies," and Plaintiff seeks "to require policy enforcement, remedial training, and external accountability mechanisms." (Id. at 9.) In sum, Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and any other relief the Court deems just. (Id. at 10.)

On June 30, 2025, GDPS removed the case based on federal question jurisdiction. (Doc. 1, at 1.) On October 28, 2025, GDPS moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 19, at 1.) Plaintiff responded on November

2

12, 2025. (Doc. 23.) GDPS replied on November 21, 2025. (Doc. 27.) The motion is now ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-

pleaded facts.  Id. at 677-80.  Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

## III. DISCUSSION

The Court first considers whether it has subject matter jurisdiction over Plaintiff's claim against GDPS before analyzing the remaining arguments.

### A. Subject Matter Jurisdiction

GDPS argues Plaintiff's claim against it is barred by the Eleventh Amendment, the doctrine of sovereign immunity, and the text of 42 U.S.C. § 1983.  (Doc. 19-1, at 1.)  Plaintiff argues "[d]ismissal at this stage is premature because Plaintiff has pleaded facts showing [GDPS's] involvement in unconstitutional conduct through official policies, training failures, and enforcement deficiencies, all of which remain subject to judicial review and relief."  (Doc. 23, at 2.)

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

4

Foreign State." U.S. Const. amend. XI. Controlling interpretations of the Eleventh Amendment firmly "establish that an unconsenting [s]tate is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citation and internal quotation marks omitted).

Eleventh Amendment immunity equally applies to a state's agencies and departments. Id. Furthermore, Eleventh Amendment immunity "remains in effect when [s]tate officials are sued for damages in their official capacity." Kentucky v. Graham, 473 U.S. 159, 169 (1985) (citations omitted). The Eleventh Amendment bars Section 1983 suits absent state waiver of immunity or congressional override. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Under Georgia law, "sovereign immunity extends to the state and all of its departments and agencies" and "can only be waived by an Act of the General Assembly" stating so. Ga. Const. art. 1, § 2, ¶ IX. The Eleventh Amendment also bars suits when state officials are listed defendants as long as "the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945). The test used to determine "whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state,

5

especially by imposing liability damages that must be paid out of the public fisc." Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1577 (11th Cir. 1994) (citations omitted).

Further, in Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court carved out a narrow exception to the States' sovereign immunity when it "held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." Green v. Mansour, 474 U.S. 64, 68 (1985) (citation omitted). To determine whether the Ex Parte Young doctrine applies, the court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotations and citation omitted). This inquiry "does not include an analysis of the merits of the claim." Id. at 646 (citation omitted).

Here, the Court finds GDPS is protected from Plaintiff's official capacity claim by the Eleventh Amendment and sovereign immunity. As shown above, the State of Georgia has not waived sovereign immunity, and the Georgia Constitution explicitly extends sovereign immunity to the state's "departments and agencies." Ga. Const. art. 1, § 2, ¶ IX. Clearly, GDPS is a state department; thus, sovereign immunity applies. Additionally, the Supreme Court of Georgia has held "that sovereign immunity is a

6

bar to injunctive relief at common law" and therefore, "citizens aggrieved by the unlawful conduct of public officers . . . must seek relief against such officers in their individual capacities." Ga. Dep't of Nat. Res. v. Ctr. for a Sustainable Coast, Inc., 755 S.E.2d 184, 188, 192 (Ga. 2014). This holding shows the State of Georgia has not waived sovereign immunity as to injunctive relief claims, and the Georgia Supreme Court has identified how plaintiffs are able to seek relief appropriately. Plaintiff argues GDPS's sovereign immunity argument is premature but relies on caselaw discussing whether government employees are entitled to immunity based on their performance of ministerial or discretionary duties, a topic unrelated to Plaintiff's claim against GDPS. (Doc. 23, at 6-7, 9-10.) These cases do not speak to whether a state department has waived its immunity to suit.

Plaintiff's complaint merely states GDPS "is responsible for ensuring its officers follow constitutional guidelines and written policies," and does not allege an ongoing violation of federal law attributable to GDPS. (Doc. 1-1, at 9); Verizon Md., 535 U.S. at 645. Additionally, the Ex Parte Young exception involves the Eleventh Amendment's application to suits brought against state officials rather than a state agency or department. See McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1259 (11th Cir. 2001). Plaintiff has not brought claims against a state official in any official capacity; thus, Ex Parte Young is inapplicable. See 209

7

U.S. at 157. Given the above, the Court finds the narrow exception to the States' sovereign immunity for prospective injunctive relief does not apply.

Because the State of Georgia has not waived Eleventh Amendment or sovereign immunity as to Plaintiff's claim, GDPS's motion to dismiss the claim against it is **GRANTED.**

## B. Additional Arguments

The Eleventh Amendment and sovereign immunity bar Plaintiff's claim against GDPS, so the Court lacks subject matter jurisdiction. As a result, the Court does not consider GDPS's additional argument regarding whether it is classified as a "person" under § 1983. (Doc. 19-1, at 3.)

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that GDPS's motion to dismiss (Doc. 19) is **GRANTED.** The Clerk is **DIRECTED** to **TERMINATE** GDPS as a Party to this action. This action shall remain pending in all respects as to Defendant Ayers.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of August, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

8